FILED
11/20/2025
*Amy McGhee*
CLERK
Missoula County District Court
STATE OF MONTANA
By: Debbie Bickerton
DV-32-2025-0000986-PI
Larson, John W
6.00

John W. Larson, District Judge
Fourth Judicial District, Dept. 3
Missoula County Courthouse
200 West Broadway
Missoula, MT 59802

MONTANA FOURTH JUDICIAL DISTRICT COURT, MISSOULA COUNTY

| | |
|---|---|
| JACOB PEAK,<br><br>             Plaintiff,<br>v.<br>DENNIS DILLABOUGH;<br>TRANSPORTE INC. DBA US<br>FOODS INC., CORPORATIONS VI-X,<br><br>             Defendants. | Dept. 3<br>Cause No. DV-25-986<br><br>**RULE 16(B), M.R.CIV.P., ORDER** |

In order to enable the Court to issue a scheduling order required by Rule 16(b), M.R.Civ.P., the attorney for the Plaintiff is directed to consult with the attorney for the opposing party and any unrepresented party and thereafter file with the Court a Scheduling Order.  The attorneys/parties may use the Example Scheduling Order form from the local rules from our website:

https://www.missoulacounty.gov/departments/district-court/local-rules/

**COUNSEL SHALL INDICATE WHETHER THEY WILL UTILIZE RULE 6 – SIMPLIFIED PROCEDURE FOR CIVIL ACTIONS.**

*NOTE:  Discovery shall be completed within seven (7) months of the date of this Order pursuant to Local Rule 6 unless, for good cause shown, the Court allows a longer period.*

Rule 16B Order - Page 1

Pursuant to Local District Court Rule No. 9, t<u>he Court will require a **Settlement Conference in this matter**</u>.  Counsel are to agree upon a Settlement Master and consult and arrange a date and time for a Settlement Conference with said Master and state such arrangement in the scheduling order.

**COUNSEL ARE TO DISCLOSE AND IDENTIFY ALL RELATED CASES BY JURISDICTION, INCLUDING CAUSE NUMBER AND CURRENT STATUS.**

Said Scheduling Order stating the date and time of the Settlement Conference with the Settlement Master shall be filed within thirty (30) days of the date of this Order or the Court.

**If the parties cannot agree upon a proposed schedule and cannot resolve the issue(s), they shall file separate proposed orders with an explanation of their position(s) and disagreements.**

The Settlement Master has the authority to withdraw the court file and to request a courtroom from the Clerk of Court's office and must inform the parties of the arrangements.  Unless other arrangements are made, the fee charged by the Settlement Master will be shared equally by the parties.  <u>The case will not be set for trial or final hearing until a Status Report is filed with the Court from the Settlement Master</u> or unless specifically provided by Court order upon motion and showing of good cause.

The mandatory guidelines for settlement conference preparation are as follows:

1.  The purpose of the settlement conference is to permit an informal discussion among the attorneys, parties, non-party indemnitors or insurers, and the Settlement Master of every aspect of the lawsuit bearing on its settlement value, thus permitting the Settlement Master to candidly express views concerning the settlement value of the parties' claims.  All communications made in connection with the settlement conference are confidential and will not be disclosed to anyone.  Statements or communications of any kind occurring during the settlement conference may not be used by any person with regard to any aspect of the litigation.  Oral settlement agreements not reduced to writing are not enforceable.  <u>In Re the Marriage of Simms</u>, (1994) 51 St.Rep. 0306, citing <u>In Re the Marriage Hayes</u>, 256 Mont. 266, 846 P.2d 272 (1993).

2.   Counsel who will actually try the case shall attend the conference.  All parties shall attend, in person, with authority to settle.  Counsel shall appear with

Rule 16B Order – Page 2

their clients whether or not counsel have been given ultimate settlement authority.

3. If a corporation is a named party, a representative thereof shall attend the conference in person.  This representative must have ultimate authority, in the representative's discretion, to commit the corporation to terms of settlement.  If Board approval is required to authorize settlement, the entire Board should attend.  For such cases the attendance of at least one sitting Board member (preferably the Chairman) is required.

4. Any insurance company or indemnitor that is a named party, or is contractually required to defend or liable to pay damages, if any, or is otherwise involved in the case, shall have a representative attend the conference in person.  This representative must have full authority, in the representative' discretion, to commit the company to terms of settlement within the applicable policy limits, or at least up to the Plaintiff's last demand.

5. It is the responsibility of counsel to timely advise all named parties and involved insurance carriers or indemnitors of this conference and to ensure the personal attendance of the required individuals or representative.  Attendance by telephone is not acceptable, and requests to excuse personal attendance will not be entertained without exceptional justification.

6. Prior to the settlement conference, the attorneys are directed to discuss settlement with their clients and insurance representatives and the opposing parties are encouraged to discuss in advance of the settlement conference a specific dollar value for the claims or other resolution proposals.

Plaintiffs shall submit a written settlement demand at least fifteen (15) business days prior to the conference and Defendants shall respond within five (5) business days thereafter.

**If no written settlement demand has been presented by each party at least five (5) business days in advance of the conference, that party shall pay to each opposing party the sum of $500 for each business day prior to the conference that a demand is not made.  Further, the opposing party may request a continuance of the conference if a demand has not been received at least two (2) business days prior to the conference.**

7. A settlement conference statement from each party must be submitted directly to the office of the Settlement Master no later than five (5) business days prior to the conference.  The settlement conference statement shall be on disk and

Rule 16B Order – Page 3

available to the Settlement Master and/or his/her staff at the time of the settlement conference. The Settlement Master also has the authority to request additional statements and/or proposed findings on disputed issues from the parties. The statement may not exceed five pages in length and should contain:

a) The background of the case;
b) Factual and legal issues, including damages;
c) Points and authorities of law;
d) A description of the strongest and weakest points in their case, both legal and factual, and that of their opponents;
e) The history of settlement negotiations including a recitation of any specific offers and demands.

Discovery materials or evidence that will be offered at trial may be included if thought particularly relevant. The settlement statement shall be confidential and shall not be filed or exchanged with other parties. The settlement statement will be disposed of unless a party requests return at the close of the conference.

8. Cooperation and compliance with these procedures is deemed essential to an effective settlement conference. Failure to abide by these procedures will cause the conference to be cancelled and rescheduled. The noncomplying attorney and/or party may be assessed the costs and expenses incurred by the other individuals involved due to the cancellation, and other sanctions may be imposed in the discretion of the Judge.

9. The Settlement Master is responsible for reporting to the Court non-compliance with this Court's Order and the local Rules of Practice and Decorum at settlement conferences. Non-compliance with the Settlement Conference Order can result in sanctions to the attorney and parties involved.

10. In the event the Settlement Conference is unsuccessful the Court will set the matter for trial once a Settlement Conference Report is filed.

### *Multiple motions:*

Local Rule 3(G) sets standards for briefs, including their length, which shall not exceed twenty (20) pages in length, exclusive of indexes and appendices, without prior leave of the Court.

**Exhibits and opinions**. Attached exhibits shall also be excluded from the page limits, but parties may not attach an entire deposition or set of responses to

Rule 16B Order - Page 4

interrogatories when only a portion of the discovery document is referred to in a brief. Parties may not in any case attach a copy of an opinion that can be cited.

**Parties may not avoid these page limits by filing several motions to dismiss, motions for summary judgment, or other motions—such as using a motion *in limine* to have the effect of a motion for summary judgment**.

**A motion for partial summary judgment will be treated as if it were a motion for summary judgment, meaning that more than one such motion may not be filed without leave. Supplementary or additional motions and briefs, renewed motions and briefs, objections, and similar documents will be treated as motions in their own right and may not be filed without leave if a second motion to dismiss or motion for summary judgment would require leave for filing.**

**IF A PARTY BELIEVES THAT DISCOVERY OR OTHER FACTORS REQUIRE FILING MORE THAN ONE SUCH DUPLICATIVE MOTION, THEN THE PARTY MUST OBTAIN PERMISSION TO DO SO BEFORE THE COURT WILL RULE ON THE MOTION.** The motion for permission shall set forth the grounds for seeking permission and may not exceed 500 words, applying the standards set in Rule 3(G). The Court will not grant a motion *in limine* unless a party asserts in the motion that it has requested that opposing counsel not offer the evidence but counsel has either rejected the requests or not responded. The Court will then consider whether the evidence is inherently and improperly prejudicial or whether it could appropriately require an objection at trial. The Court also wishes to forestall the use of motions *in limine* as substitutes for motions for summary judgment or similar motions.

**SO ORDERED.**

*Electronically Signed and Dated Below*
John W. Larson, District Judge

CC:
James Robert Jackson, Esq.
blebsock@postlebsock.com
   Attorney for Plaintiff

Brad Condra, Esq.
MILODRAGOVICVH, DALE, & STEINBRENNER, PC
BCONDRA@BIGSKYLAWYERS.COM
   Attorney for Defendants

Electronically Signed By:
Hon. Judge John W. Larson
Thu, Nov 20 2025 04:11:38 PM